Zeng v. Holder

BIA
A072 455 590

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

ZAO YANG ZENG, AKA TERUYA JIKKO,
> *Petitioner,*

v.                                          11-5399
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Ada E. Bosque,
                       Senior Litigation Counsel; Mona
                       Maria Yousif, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zao Yang Zeng, a native and citizen of China, seeks review of a December 9, 2011, decision of the BIA denying his motion to reopen his removal proceedings. *In re Zao Yang Zeng*, No. A072 455 590 (B.I.A. Dec. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zeng's motion to reopen, filed in 2010, was untimely because the BIA issued a final order of removal in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Zeng contends, however, that he established an exception to the time limitation by demonstrating changed

country conditions based on an increase in persecution of Christian house church members following his merits hearing in 1999. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). We conclude that the BIA's denial of Zeng's motion to reopen as untimely was not an abuse of discretion.

Because Zeng did not support his motion with evidence of country conditions at the time of his merits hearing, the BIA did not err by comparing his newly submitted evidence with that submitted in connection with his prior asylum application. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). As the BIA noted, the evidence of recent conditions indicated a very similar situation for Christians in China to that demonstrated by the evidence of conditions in or before 1999, the time of his merits hearing. Specifically, as the BIA noted, the country reports indicated that the restrictions placed on unauthorized

3

religious groups in 1994 were not appreciably different than those imposed by the 2005 Regulations on Religious Affairs. Though Zeng argues that the BIA erred in concluding that the evidence merely demonstrated continuing negative treatment of unregistered Christians, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61 (2d Cir. 2008). Where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Moreover, while the evidence indicated that some church leaders and pastors had been subjected to lengthy detentions and physical harm, because Zeng alleged only that he would attend services in an underground church, he did not show that the harm suffered by church leaders was material as he would not be similarly situated to the targeted individuals. *See Jian Hui Shao*, 546 F.3d at 171.

Also, Zeng's contention that the BIA erred in discounting his evidence of conditions for Chinese Christians outside of his home province of Fujian is misplaced, as Zeng bore the burden of supporting his motion

4

with "material" evidence.  *See* 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B); *Jian Hui Shao*, 546 F.3d at 149 (stating that where enforcement of a policy varies, it is the applicant's burden to show a well-founded fear of persecution in his locality in China); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight accorded to the applicant's evidence lies largely within the discretion of the agency).

As the BIA did not err in concluding that Zeng's conversion to Christianity in 2010 constituted a change in personal circumstances, rather than a change in circumstances in China that would except his motion from the time limitation, *see Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005), and as substantial evidence supports the BIA's conclusion that Zeng failed to demonstrate a change in the treatment of Christians in China, the BIA did not abuse its discretion by denying the motion as untimely, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  Because the BIA did not abuse its discretion in denying Zeng's motion as untimely, we do not address his *prima facie* eligibility for asylum, withholding of removal, and relief under the Convention

5

Against Torture.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk